IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| RAB LIGHTING INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | C.A. No. 20-1574 (RGA) |
| ) | |
| IDEAL INDUSTRIES LIGHTING LLC, ) | REDACTED - PUBLIC VERSION |
| d/b/a CREE LIGHTING, and ) | |
| E-CONOLIGHT LLC, ) | |
| ) | |
| Defendants. ) | |

**OPENING BRIEF IN SUPPORT OF DEFENDANTS' MOTION TO STAY PENDING
<u>OUTCOME OF *INTER PARTES* REVIEW</u>**

OF COUNSEL:

Richard W. Erwine
QUINN EMANUEL URQUHART
& SULLIVAN, LLP
51 Madison Avenue, 24th Floor
New York, NY  10010
(212) 849-7000

Gyushik (Kevin) Jang
QUINN EMANUEL URQUHART
& SULLIVAN, LLP
50 California Street, 22nd Floor
San Francisco, CA  94111
(415) 875-6600

Peter D. Siddoway
SAGE PATENT GROUP
4120 Main at North Hills St.
Suite 230
Raleigh, NC  27609
(984) 219-3369

Original Filing Date:  August 27, 2021
Redacted Filing Date:  September 7, 2021

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Rodger D. Smith II (#3778)
Lucinda C. Cucuzzella (#3491)
Anthony D. Raucci (#5948)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
rsmith@morrisnichols.com
ccucuzzella@morrisnichols.com
araucci@morrisnichols.com

*Attorneys for Defendants Ideal Industries
Lighting LLC, d/b/a Cree Lighting, and
E-conolight LLC*

**TABLE OF CONTENTS**

                **Page**

I. INTRODUCTION .................................................................................................................1

II. NATURE AND STAGE OF PROCEEDINGS AND STATEMENT OF FACTS .............2

III. ARGUMENT .......................................................................................................................3

    A. A Stay Will Simplify The Issues In Question............................................................ 4

    B. This Case Is Still In An Early Stage ........................................................................... 7

    C. A Stay Will Not Unduly Prejudice RAB .................................................................... 8

        1. Cree Lighting's Filing Of The IPR Petitions Was Timely............................... 9

        2. Cree Lighting's Filing of This Motion Is Timely .......................................... 10

        3. RAB is Unlikely To Suffer Loss Of Market Share Or Erosion Of Goodwill 10

IV. CONCLUSION..................................................................................................................13

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*454 Life Scis. Corp. v. Ion Torrent Sys., Inc.*,
    C.A. No. 15-595-LPS, 2016 WL 6594083 (D. Del. Nov. 7, 2016) ..........................................6

*Abbott Diabetes Care, Inc. v. DexCom, Inc.*,
    C.A. No. 05-590 GMS, 2006 WL 2375035 (D. Del. Aug. 16, 2006)...................................3, 4

*Air Vent, Inc. v. Owens Corning Corp.*,
    No. 02:10-CV-01699, 2012 WL 1607145 (W.D. Pa. May 8, 2012) ......................................12

*Aylus Networks, Inc. v. Apple Inc.*,
    856 F.3d 1353 (Fed. Cir. 2017)................................................................................................6

*Bio-Rad Laboratories, Inc. v. Thermo Fisher Scientific, Inc.*,
    C.A. No. 16-358-RGA, D.I. 54 (D. Del, Apr. 27, 2017) ............................................1, 8, 9, 11

*Bonutti Skeletal Innovations, L.L.C. v. Zimmer Holdings, Inc.*,
    2014 WL 1369721 (D. Del. Apr. 7, 2014).....................................................................4, 5, 7, 8

*Boston Sci. Corp, v. Cordis Corp.*,
    777 F. Supp. 2d 783 (D. Del. 2011).........................................................................................8

*E2Interactive, Inc. v. Blackhawk Network, Inc.*,
    561 F. App'x 895 (Fed. Cir. 2014) ...........................................................................................6

*Ever Win Int'l Corp. v. Radioshack Corp.*,
    902 F. Supp. 2d 503 (D. Del. 2012)..................................................................................11, 12

*First Am. Title Ins. Co. v. MacLaren, L.L.C.*,
    C.A. No. 10-363 GMS, 2012 WL 769601 (D. Del. Mar. 9, 2012)...........................................7

*IOENGINE, LLC v. PayPal Holdings, Inc.*,
    C.A. No. 18-452-WCB, 2019 WL 3943058 (D. Del. Aug. 21, 2019)......................................4

*Neste Oil OYJ v. Dynamic Fuels, LLC*,
    C.A. No. 12-1744-GMS, 2013 WL 3353984 (D. Del. July 2, 2013)........................8, 9, 11, 12

*Princeton Digital Image Corp. v. Konami Digital Ent. Inc.*,
    2017 WL 2615739 (D. Del. June 16, 2017).............................................................................6

*Round Rock Research LLC v. Dole Food Co.*,
    C.A. No. 11-1239-RGA, 2012 WL 1185022 (D. Del. Apr. 6, 2012) .......................................6

*SAS Institute Inc. v. Iancu*,
　138 S. Ct. 1348 (2018) ................................................................................................................5

*Textron Innovations Inc. v. Toro Co.*,
　C.A. No. 05-486 GMS, 2007 WL 7772169 (D. Del. Apr. 25, 2007) ...................................4, 12

*WesternGeco LLC v. ION Geophysical Corp.*,
　889 F.3d 1308 (Fed. Cir. 2018) ...................................................................................................6

**Rules and Statutes**

35 U.S.C. §§ 102 and 103 ................................................................................................................1

35 U.S.C. § 315(b) ...........................................................................................................................9

D. Del. LR 7.1.2(b) ..........................................................................................................................1

**I.     INTRODUCTION**

Defendants IDEAL Industries Lighting LLC, d/b/a Cree Lighting, and E-conolight LLC (collectively, "Cree Lighting") respectfully move to stay this case pending resolution of two *Inter Partes* Review ("IPR") petitions that Cree Lighting filed on March 12 and 19, 2021, respectively, requesting cancellation of all claims of U.S. Patent Nos. 8,985,816 (the "'816 patent") and 9,010,970 (the "'970 patent"). The U.S. Patent Trial and Appeal Board's ("PTAB") decision on institution is expected no later than October 1, 2021, which is shortly after the parties are scheduled to complete briefing for this motion.[1]

Assuming partial or full institution of the IPRs, a stay would promote judicial efficiency and simplify the case. First, the IPR petitions seek cancellation of all asserted claims of the '816 and '970 patents, the only utility patents asserted in this case. If all three asserted claims are declared invalid, there is no question that this case will be significantly simplified, left to proceed with a single design patent. Even if not all claims of the '816 and '970 patents are found to be invalid, the IPRs will still simplify the case, as they will presumably resolve Cree Lighting's invalidity defenses under 35 U.S.C. §§ 102 and 103 with respect to prior art patents and printed publications.

---

[1] Under D. Del. LR 7.1.2(b), RAB's answering brief and Cree Lighting's reply brief would be due on September 10 and September 17, 2021, respectively. Cree Lighting has agreed, however, to provide RAB with a one-week extension such that RAB's answering brief and Cree Lighting's reply brief would be due on September 17 and September 24, 2021, respectively. While stating that it does not object to the proposed briefing schedule, RAB indicated that it reserves the right to seek to defer briefing until after the institution decisions. Cree Lighting believes that such additional delay is unnecessary. The institution decisions are expected soon after briefing on this motion will be complete. The Court will thus have the benefit of the institution decisions by the time it considers this motion, which would allow for an efficient and timely resolution of Cree Lighting's stay request. *See, e.g.*, *Bio-Rad Laboratories, Inc. v. Thermo Fisher Scientific, Inc.*, C.A. No. 16-358-RGA, D.I. 54 at 38:8-10 (D. Del. Apr. 27, 2017) (granting motion to stay where IPR institution decision was issued after the briefing began but before the hearing on the motion).

CONFIDENTIAL COUNSEL ONLY

Second, this case is still in a relatively early stage. There are over seven months remaining in fact discovery and a year and a half before the trial is set to commence. The parties have not noticed any depositions and have yet to begin claim construction proceedings or to exchange final infringement and invalidity contentions. Staying this case now will thus advance judicial efficiency and allow the Court and the parties to avoid expending resources on claims that may be rendered invalid.

Third, a stay will not unduly prejudice or present a tactical disadvantage to RAB. Cree Lighting filed the petitions—which encompassed invalidity analysis of all 40 originally-issued claims for the '816 and '970 patents—*less than four months* after RAB filed its initial complaint, and are seeking a stay at the earliest practicable time to coincide with the institution decisions. The timing thus demonstrates that Cree Lighting acted with no dilatory motive. Moreover, having contended that RAB and Cree Lighting are not competitors, RAB cannot credibly argue that it will suffer loss of market share or an erosion of goodwill if a stay is granted. RAB's failure to seek a preliminary injunction or injunctive relief in this case further undermines any such argument, and the fact that there are multiple active entities in the relevant lighting device market also alleviates the concern of any such harm befalling RAB.

## II.   NATURE AND STAGE OF PROCEEDINGS AND STATEMENT OF FACTS

Plaintiff RAB Lighting Inc. ("Plaintiff" or "RAB") filed this case on November 23, 2020, alleging infringement of the '816 patent, the '970 patent, and U.S. Patent No. D745,202 (the "'202 patent"). RAB filed its First Amended Complaint on January 26, 2021 (D.I. 13). Cree Lighting filed its Answer on February 9, 2021 (D.I. 15). The case is now in fact discovery, which is to be completed by April 22, 2022. Claim construction briefing is set to begin on November 11, 2021, and the hearing on claim construction is scheduled for February 22, 2022 (D.I.19). The trial is scheduled to begin on March 20, 2023 (D.I. 19).

On August 16, 2021, RAB filed a motion to amend the complaint for the second time, seeking to modify its infringement allegations and re-plead willfulness (D.I. 43). RAB had pled willfulness in its original Complaint (*see* D.I. 1 ¶¶ 20, 33) but dropped those allegations in its First Amended Complaint (D.I.13) after Cree Lighting challenged the allegations as lacking support. *See, e.g.*, Ex. B to D.I. 43 at ¶¶ 21-26, 42-47.[2]

On March 12 and 19, 2021, Cree Lighting filed petitions for *Inter Partes* Review of the '816 and '970 patents, IPR Nos. 2021-00646 and 2021-00655, respectively. In those petitions, Cree Lighting sought cancellation of all originally-issued claims of the '816 and '970 patents, namely claims 1-20 of the '816 patent and claims 1-20 of the '970 patent.

On June 28, 2021, RAB filed statutory disclaimers, cancelling all claims except claim 20 of the '816 patent and claims 1-2, 8-13, and 17 of the '970 patent. As a result, the scope of the IPR petitions has been narrowed to these remaining claims. Importantly, all of the asserted claims of the '816 and '970 patents, namely claim 20 of the '816 patent and claims 6 and 7 of the '970 patent, remain at issue in the IPR. RAB filed its Patent Owner's Preliminary Responses on July 1, 2021. The PTAB's decisions on institution are expected on or before October 1, 2021.

**III. ARGUMENT**

The Court should stay this case pending resolution of Cree Lighting's IPR petitions because all three relevant factors favor a stay: (1) a stay will simplify the issues for trial; (2) the case is still in an early stage; and (3) a stay will not unduly prejudice or present a clear tactical disadvantage to RAB.

"The decision to stay a case is firmly within the discretion of the court." *Abbott Diabetes Care, Inc. v. DexCom, Inc.*, C.A. No. 05-590 GMS, 2006 WL 2375035, at *5 (D. Del.

---

[2]   Lettered exhibits are attached to the accompanying Declaration of Kevin Jang.

Aug. 16, 2006). In determining whether a stay is appropriate, the Court's discretion is guided by the following factors: "(1) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether discovery is complete and whether a trial date has been set." *Id*. Each of these factors favors a stay.

### A. A Stay Will Simplify The Issues In Question

This factor weighs heavily in favor of a stay because the IPRs will address invalidity concerning the two utility patents in this case and could result in dismissal of one or both patents. Even if some asserted claims survive the IPRs, the case will still be simplified due to invalidation of one or more claims and resolution of Cree Lighting's invalidity arguments with respect to prior art patents and printed publications.

"The most important factor bearing on whether to grant a stay is whether the stay is likely to simplify the issues at trial." *IOENGINE, LLC v. PayPal Holdings, Inc.*, C.A. No. 18-452-WCB, 2019 WL 3943058, at *8 (D. Del. Aug. 21, 2019). Courts in this district have acknowledged the potential for issue simplification where the asserted claims are subject to review by the USPTO. *See Bonutti Skeletal Innovations, L.L.C. v. Zimmer Holdings, Inc.*, 2014 WL 1369721, at *5 (D. Del. Apr. 7, 2014) (listing ways granting a stay can simplify the issues); *see also Textron Innovations Inc. v. Toro Co.*, C.A. No. 05-486 GMS, 2007 WL 7772169, at *1 (D. Del. Apr. 25, 2007) (same).

The potential for simplification is significant because Cree Lighting's IPR petitions seek cancellation of all three asserted claims of the '816 and '970 patents. If one or both IPRs are

instituted,[3] it would substantially simplify the issues in this case by addressing the invalidity challenges raised by Cree Lighting for patents and printed publications.[4]  This is especially true given that the PTAB is now required to issue a Final Written Decision addressing all claims challenged in an IPR petition.  *See SAS Institute Inc. v. Iancu*, 138 S. Ct. 1348, 1354 (2018) ("[T]he Board must address every claim the petitioner has challenged.").  To the extent one or both utility patents are invalidated, the Court would avoid having to conduct claim construction for those patents, and the parties would avoid needless discovery concerning RAB's infringement allegations and Cree Lighting's other defenses.

    The fact that the IPRs do not encompass the design patent, and hence the prior art references against the design patent, does not undercut the extent of the simplification that will be achieved as a result of the PTAB's review of the prior art references for the '816 and '970 patents.  *See Bonutti Skeletal*, 2014 WL 1369721, at *5 (granting stay while recognizing that "there is no requirement that the issues in the IPR be identical to those in the litigation.").  To the extent the case is narrowed to the single design patent, any remaining discovery could be handled expeditiously concerning the limited issues that would remain.  ████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████

---

[3] The statistics published by the PTAB indicate that, from October 1, 2016 to June 30, 2021, the PTAB has received 941 petitions and granted 565 of them.  *See* PTAB Trial Statistics FY21 Q3 Outcome Roundup at 6, *available at* https://www.uspto.gov/sites/default/files/documents/ptab_aia_fy2021_q3_roundup.pdf.

[4] ████████████████████████████████████████████████████████

CONFIDENTIAL COUNSEL ONLY

Furthermore, the IPR proceedings will "creat[e] additional prosecution history" for the '819 and '970 patents, *454 Life Scis. Corp. v. Ion Torrent Sys., Inc.*, C.A. No. 15-595-LPS, 2016 WL 6594083, at *3 (D. Del. Nov. 7, 2016), which could lead to disclaimers of claim scope and simplify issues of claim construction and infringement in this case. *See Princeton Digital Image Corp. v. Konami Digital Ent. Inc.*, 2017 WL 2615739, at *13 (D. Del. June 16, 2017) (citing *Aylus Networks, Inc. v. Apple Inc.*, 856 F.3d 1353, 1362 (Fed. Cir. 2017)). Thus, even if some claims survive the IPRs, any claim construction or infringement rulings by this Court may be guided by the relevant evidence produced in the IPR. *See E2Interactive, Inc. v. Blackhawk Network, Inc.*, 561 F. App'x 895, 897-98 (Fed. Cir. 2014) (finding the patentee's statements during reexamination to constitute clear and unmistakable disclaimer that limits the scope of the asserted claims).

On the other hand, allowing the parties to litigate issues relating to the '816 and '970 patents in parallel with the IPR proceedings will make the case even more complex and could lead to inconsistent findings. This would be contrary to the purpose of IPRs, which were "intended to provide [a] 'quick and cost effective alternative[] to litigation.'" *WesternGeco LLC v. ION Geophysical Corp.*, 889 F.3d 1308, 1317 (Fed. Cir. 2018) (quoting H. Rep. No. 112-98, at 48 (2011)). Indeed, judicial and party resources would be wasted if the parties and the Court address the construction, infringement, and invalidity of claims that could ultimately be cancelled by the PTAB, amended or disclaimed by RAB, or affected by cancellation or disclaimer of any of the asserted claims. *See Round Rock Research LLC v. Dole Food Co.*, C.A. No. 11-1239-RGA, 2012 WL 1185022, at *1 (D. Del. Apr. 6, 2012).

Accordingly, a stay will simplify the issues in question, and this factor weighs heavily in favor of a stay.

CONFIDENTIAL COUNSEL ONLY

### B. This Case Is Still In An Early Stage

The relatively early stage of this case also weighs in favor of a stay. Discovery is not yet complete, and the scheduled trial date is a year and a half away. Staying this case will advance judicial efficiency and allow the Court and the parties to avoid expending resources on claims that may be rendered invalid.

"In considering the stage of litigation, the court asks 'whether discovery is complete and whether a trial date has been set.'" *Bonutti Skeletal*, 2014 WL 1369721, at *6 (citing *First Am. Title Ins. Co. v. MacLaren, L.L.C.*, C.A. No. 10-363 GMS, 2012 WL 769601, at *4 (D. Del. Mar. 9, 2012)). "Staying a case in its early stages advances judicial efficiency and prevents the court and the parties from expending resources on claims that may be rendered invalid." *Bonutti Skeletal*, 2014 WL 1369721, at *6.

This case is still in its early stages. There are over seven months remaining in fact discovery, which is to be completed by April 22, 2022. No depositions have been noticed, and the claim construction process has yet to begin. Indeed, the parties have gone only so far as to exchange limited sets of discovery requests, an identification of accused products, and initial infringement and invalidity contentions.

RAB's conduct also shows that the case is still in an early stage. For example, in its initial infringement contentions served on July 8, 2021, RAB improperly relied on a placeholder for 15 products, stating that it "may assert infringement" of those additional products while seeking additional discovery on those products. *See* Ex. B. As another example, RAB is only now seeking to amend its complaint (D.I.43) to modify its infringement contentions and re-plead willfulness, and briefing on RAB's motion to amend is not even complete. *See* D.I. 47 (setting deadlines for Cree Lighting's answering brief and RAB's reply brief to September 13 and September 27, respectively).

Furthermore, the trial is scheduled to begin on March 20, 2023, which is over a year-and-a-half away. *See Bio-Rad*, C.A. No. 16-358-RGA, D.I. 54 at 36:7-10 (finding that this factor favors granting the stay where trial date was a "year-and-a-half" away).

Given that this action is still in an early stage, staying the case will promote judicial efficiency.

### C. A Stay Will Not Unduly Prejudice RAB

Staying this case pending resolution of the IPR petitions would not unduly prejudice or present a tactical disadvantage to RAB. The early timing of Cree Lighting's filing of the IPR petitions and this motion demonstrates that Cree Lighting acted with diligence and no dilatory motive. Also, RAB is unlikely to suffer loss of market share or an erosion of goodwill even if the case is stayed, given RAB's prior representation that the parties are not competitors, its decision not to seek a preliminary injunction or any injunctive relief in this case, and the fact that there are numerous active competitors in the lighting device market.

"The mere potential delay … is insufficient to establish *undue* prejudice." *Neste Oil OYJ v. Dynamic Fuels, LLC*, C.A. No. 12-1744-GMS, 2013 WL 3353984, at *2 (D. Del. July 2, 2013) (emphasis in original). "To better gauge the likelihood of such prejudice arising, the court has considered a number of sub-factors, including 'the timing of the request for reexamination, the timing of the request for stay, the status of the reexamination proceedings and the relationship of the parties.'" *Id.* (quoting *Boston Sci. Corp, v. Cordis Corp.*, 777 F. Supp. 2d 783, 789 (D. Del. 2011)). "The more diligent a defendant is in seeking *inter partes* review, the less likely it is that the non-movant will be prejudiced by a stay or that the court will find the defendant's filing of the IPR petition to be a dilatory tactic." *Bonutti Skeletal*, 2014 WL 1369721, at *2.

All of the three sub-factors favor a finding that there is no undue prejudice to RAB.

CONFIDENTIAL COUNSEL ONLY

### 1. Cree Lighting's Filing Of The IPR Petitions Was Timely

The timing of the IPR petitions demonstrates that the IPRs are not an attempt by Cree Lighting to gain an inappropriate tactical advantage. Courts have found that there is no dilatory intent when an IPR petition was filed within only a few months of the filing of a complaint. For example, in *Bio-Rad*, the accused infringer filed two IPR petitions seeking cancellation of each of the three asserted claims of the single asserted patent. Noting that the petition was filed only five months after the complaint was filed, the Court recognized the petition to be "very promptly" filed and granted the stay. *See* C.A. No. 16-358-RGA, D.I. 54 at 36:11-16. As another example, in *Neste Oil*, the accused infringer filed an IPR petition against the sole asserted patent less than three months after the complaint was filed. 2013 WL 3353984 at *2. The Court found that the timing of the IPR petition did not suggest "an improper dilatory motive." *Id*.

Here, Cree Lighting filed the petitions for the '816 and '970 patents on March 12 and March 19, 2021, respectively, **less than four months** after RAB filed its initial Complaint.[5] The preparation and filing of the IPR petitions within that short period shows that Cree Lighting acted without any dilatory intent, especially given that the petitions addressed ***all 40 claims*** of the '816 and '970 patents that were originally issued.[6] Indeed, the fact that RAB waited over three months and until shortly before its infringement contentions were due to disclaim all but 11 claims of the '816 and '970 patents suggests that RAB, rather than Defendants, acted with dilatory intent.

---

[5] Under the statute, Cree Lighting had until November 23, 2021, one year from the service of the Complaint, to file the IPR petitions. 35 U.S.C. § 315(b).

[6] On June 28, 2021, RAB filed statutory disclaimers, cancelling all but claim 20 of the '816 patent and claims 1-2, 8-13, and 17 of the '970 patent.

9

CONFIDENTIAL COUNSEL ONLY

### 2. Cree Lighting's Filing of This Motion Is Timely

Cree Lighting's motion is timely, as this case is still in an early stage, and it allows the Court and the parties to save time and resources as soon as the IPRs are instituted.

Because this case is still in an early stage, a stay will increase the likelihood that the Court and the parties will avoid wasting time and resources litigating claims that may be narrowed in scope or cancelled altogether. Defendants' filing of this motion prior to an institution decision further promotes this benefit. Under the parties' agreed briefing schedule, RAB's answering brief and Cree Lighting's reply brief will be filed no later than September 17 and 24, 2021, respectively, and the PTAB's decisions on institution are expected on or before October 1, 2021. As such, by the time the PTAB's institution decisions are issued, briefing on this motion will be complete.

RAB may argue that the Court should defer briefing until after the institution decisions are issued. But there is no reason to delay briefing because, as explained above, under the current briefing schedule, the Court will have the benefit of the institution decisions by the time it considers this motion. The only possible outcomes are the PTAB granting both petitions, granting one of the petitions, or denying both petitions. Under the first two scenarios (*i.e.*, the PTAB grants one or both petitions), a stay is warranted because the instituted IPR(s) will substantially simplify the issues in this case. *See* Section III.A, *supra*.

### 3. RAB is Unlikely To Suffer Loss Of Market Share Or Erosion Of Goodwill

A stay will not result in undue prejudice or present a tactical disadvantage to RAB. RAB contends that Cree Lighting is not a direct competitor, RAB did not seek a preliminary injunction, and RAB is pursuing only money damages in this case. In addition, there are numerous

active competitors in the lighting device market.  All facts thus indicate that RAB is unlikely to suffer loss of market share or an erosion of goodwill even if the resolution of this case is delayed.

Courts may be hesitant to grant a stay where the parties are "direct competitors" because "there is a reasonable chance that delay in adjudicating the alleged infringement will have outsized consequences to the party asserting infringement [], including the potential for loss of market share and an erosion of goodwill."  *Neste Oil*, 2013 WL 3353984, at *3.  But as an initial matter, RAB contended in a parallel ITC proceeding, the 337-TA-1213 Investigation, that RAB and Cree Lighting are ***not*** competitors.  See Ex. C, 337-TA-1213, EDIS DOC ID. 741889 at 587:21-588:5 (RAB's CEO, Mr. Ross Barna, testifying that he does not "consider Cree Lighting to be a competitor" and that the two companies "have similar product portfolios in some ways" but "go to market very differently.").  As such, RAB cannot now credibly argue that the parties are direct competitors such that a stay pending the IPRs will result in undue prejudice or present a tactical disadvantage to RAB.  RAB has not alleged any facts to support a contrary position in this case.

Even if RAB were to change course and argue that the parties are "direct competitors," the fact that RAB did not seek a preliminary injunction or any injunctive remedies in this case demonstrates that staying this case will not result in undue prejudice to RAB.  "[W]here the question of 'direct competition' remains unanswered, courts have sometimes considered whether the plaintiff sought a preliminary injunction."  *Neste Oil*, 2013 WL3353984 at *4.  For example, in *Bio-Rad*, noting that the plaintiff did not move for a preliminary injunction, the Court found that "damages are going to be added at the end of the day to compensate [the plaintiffs], to make them whole for whatever infringement the defendants has done.  C.A. No. 16-358-RGA, D.I. 54 at 36:25-37:22.  As another example, in *Ever Win Int'l Corp. v. Radioshack Corp.*, 902 F. Supp. 2d 503, 511 (D. Del. 2012), the Court found that the fact that "Plaintiff never sought a

preliminary injunction" "suggests that any prejudice to Plaintiff that might result from delaying the ultimate resolution of this dispute is not as severe as it contends." Here, RAB's decision not to move for a preliminary injunction suggests that, even if some asserted claims are not found invalid in the IPR, RAB would be adequately compensated for Cree Lighting's purported infringement during the stay period to the extent Cree Lighting is found to infringe. This conclusion is reinforced by the fact that RAB is seeking only money damages in this case. *See Textron Innovations*, 2007 WL 7772169, at *3 (noting that suit is for money damages in finding that stay does not unduly prejudice plaintiff); *see also Air Vent, Inc. v. Owens Corning Corp.*, No. 02:10-CV-01699, 2012 WL 1607145, at *3 (W.D. Pa. May 8, 2012) ("[I]f [plaintiff's] patents are ultimately found to be valid and infringed, [plaintiff] will be able to seek damages for the time that the reexaminations were pending.").

Lastly, because there are numerous competitors in the lighting device market, RAB is unlikely to suffer erosion of market share or goodwill even if a stay is granted. *See Neste Oil*, 2013 WL 3353984, at *3. In *Neste Oil*, the defendant argued that the parties "represent only two of the many firms competing in a broad market." *Id*. The Court agreed with the defendant, finding that the parties are "merely indirect competitors in the large, subsidy-driven market for biomass-based diesel." *Id*; *see also Air Vent*, 2012 WL 1607145, at *3 (finding that the presence of "several other competing products in the market" "undermines [plaintiff's] assertion of undue prejudice because of loss of market value"). Here, there are numerous other suppliers of lighting devices, including but not limited to Osram, Signify, and Acuity. *See* Ex. D, 337-TA-1213, EDIS DOC ID 744080 (Cree Lighting's Initial Post-Hearing Brief) at 116. Thus, it is highly unlikely that RAB will suffer loss of market share or an erosion of goodwill due to the potential delay in resolution of this case.

CONFIDENTIAL COUNSEL ONLY

## IV.    CONCLUSION

For the reasons discussed above, Cree Lighting respectfully requests that the Court grant defendants' motion to stay pending final resolution of the IPRs.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Rodger D. Smith II*

Rodger D. Smith II (#3778)
Lucinda C. Cucuzzella (#3491)
Anthony D. Raucci (#5948)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
rsmith@morrisnichols.com
ccucuzzella@morrisnichols.com
araucci@morrisnichols.com

*Attorneys for Defendants Ideal Industries Lighting LLC, d/b/a Cree Lighting, and E-conolight LLC*

OF COUNSEL:

Richard W. Erwine
QUINN EMANUEL URQUHART
& SULLIVAN, LLP
51 Madison Avenue, 24th Floor
New York, NY 10010
(212) 849-7000

Gyushik (Kevin) Jang
QUINN EMANUEL URQUHART
& SULLIVAN, LLP
50 California Street, 22nd Floor
San Francisco, CA 94111
(415) 875-6600

Peter D. Siddoway
SAGE PATENT GROUP
4120 Main at North Hills St.
Suite 230
Raleigh, NC 27609
(984) 219-3369

August 27, 2021

13

## CERTIFICATE OF SERVICE

I hereby certify that on August 27, 2021, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on August 27, 2021, upon the following in the manner indicated:

| | |
|---|---|
| Stephen J. Kraftschik, Esquire<br>Christina B. Vavala, Esquire<br>POLSINELLI PC<br>222 Delaware Avenue, Suite 1101<br>Wilmington, DE  19801<br>*Attorneys for Plaintiff* | *VIA ELECTRONIC MAIL* |
| Scott D. Stimpson, Esquire<br>Steven Z. Luksenberg, Esquire<br>SILLS CUMMIS & GROSS P.C.<br>101 Park Avenue, 28th Floor<br>New York, NY  10178<br>*Attorneys for Plaintiff* | *VIA ELECTRONIC MAIL* |

*/s/ Rodger D. Smith II*

Rodger D. Smith II (#3778)